JP:JN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

BOLAJI SULYMAN SALAMI

        Defendant.

- - - - - - - - - - - - - - X

**12 M 701**

C O M P L A I N T

(T. 18 U.S.C. § 1546)

EASTERN DISTRICT OF NEW YORK, SS:

    CHRISTOPHER RAY, being duly sworn, deposes and states that he is a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS"), duly appointed according to law and acting as such.

    Upon information and belief, on or about July 26, 2012, within the Eastern District of New York, the defendant BOLAJI SULYMAN SALAMI did knowingly and willfully use and attempt to use a United States visa that was procured by means of a false claim or statement and otherwise procured by fraud and unlawfully obtained.

    (Title 18, United States Code, Section 1546)

    The source of your deponent's information and the grounds for this belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all the facts and circumstances of which I am aware.

1. I have been a special agent with the DSS for approximately 18 months. My information comes from a joint investigation of the DSS and the United States Customs and Border Protection agency ("CBP"). I have spoken with CBP agents, interviewed the defendant and reviewed documents.

2. On July 26, 2012, the defendant BOLAJI SULYMAN SALAMI arrived at John F. Kennedy International Airport on Qatar Airlines, Flight No. QR 83 from Doha, Qatar. Upon arrival, the defendant presented Nigerian passport # A01384030, issued on September 4, 2009 in the name of "Bolaji Sulyman Salami," to a CBP officer. The passport contained a valid F-1 visa, Visa Foil No. E4183476, issued by the United States Department of State, Bureau of Consular Affairs on May 16, 2012.

3. After presenting the passport and visa, the defendant was selected for a secondary inspection by CBP officers because a computer database indicated that he may have obtained his visa fraudulently. When he applied for the visa in Abuja, Nigeria, the defendant stated that he was a "site manager" at his father's private construction company named "Bosal Nigeria Limited." He listed his United States point of contact as "Olivier Sara" and listed her phone number as XXX-XXX-1176. An internet search of Google revealed that the defendant had transposed the first and last names of his United States contact, who was listed on the Louisiana State University

("LSU") website as "Sara Olivier," a Documentation Services Coordinator. A text search in the Department of State's Consular Consolidated Database ("CCD") was run using the name "Olivier Sarah" and it was discovered that at least seven other Nigerian visa applicants also referenced "Olivier" as their United States point of contact and transposed her first and last names. Most of the other applicants had been refused F-1 visas because they were unable to overcome the presumption that they were not credible students. Further scrutiny of these applications revealed that one of the six applicants was refused an F-1 visa in Abuja after it was determined by the Embassy that he presented forged bank statements in furtherance of his application. Another applicant, named "Olakunle Oladejo" was denied an F-1 visa in Abuja on the same date the defendant's visa was issued, and a comparison of the two applications showed various similarities including the fact that the same computer was used by both individuals to complete their visa applications, as evidenced by the same application IP address.

4. In light of the facts, Criminal Enforcement Unit ("CEU") officers interviewed the defendant when he arrived at the airport. During the interview, the defendant stated that he was coming to the United States to attend LSU to complete a degree in civil engineering. While Defendant indicated that he applied for the visa by himself and did not know of anyone else applying, when

3

shown a picture of Oladejo, defendant indicated that he knew the applicant and that he worked for his father as an unskilled laborer. After claiming that he had no knowledge regarding Oladejo's application for an F-1 visa and being confronted with the fact that defendant and Oladejo used the same computer to submit their visa applications, the defendant stated in substance that he wanted to tell the truth. The defendant went on to state, in sum and in substance and in part, that he was coming to the United States to find work and possibly attend school, but that he had no intention of attending LSU. He also stated that his father did not own a company named "Bosal Nigeria Limited" and that he himself worked for a company named "Ladmore Nigeria Limited." The subject admitted that a Nigerian individual had provided him with falsified business documents for "Bosal Nigeria Limited," as well as falsified bank statements.

    5. The defendant BOLAJI SULYMAN SALAMI was then notified of his Miranda rights, which he waived. The defendant then stated, in sum and in substance and in part, that he paid one of the other applicants named "Olakunle Oladejo" a total of 140,000 Nigerian naira to help him obtain the United States visa presented on July 26, 2012. Oladejo provided the defendant with a fraudulent employment letter from "Bosal Nigeria Limited" and fraudulent bank statements. Defendant stated that Oladejo helped him complete his visa

4

application and that his application contained false information. Defendant provided a fake address and other false information about his background. Defendant admitted that he presented the fraudulent documents to the Embassy and lied during his interview.

WHEREFORE, your deponent respectfully requests that the defendant BOLAJI SULYMAN SALAMI be dealt with according to law.

_____
Christopher Ray
Special Agent
U.S. Department of State
Diplomatic Security Service

Sworn to before me this
27th day of July, 2012

_____
HONORABLE S/ Levy
UNITED ST
EASTERN I

5